CURIAM. Judge below, HENRY M. SHEPARD. Attorneys, for appellant, Messrs. PADDOCK & ALDIS; for appellee, Mr. ALFRED MOORE and Messrs. BISBEE, AHRENS & DECKER. Opinion filed April 28, 1886.

### THIRD DISTRICT.

No. 43. George S. Russell v. Edward G. Harris. An action of assumpsit for $420.69, the balance of an account for lumber delivered by appellant's firm to Frank Stewart, who had contracted to erect two houses for appellee. The claim was that defendant promised, before the delivery, to pay the bill *pro rata* with those of other parties, for material furnished to the contractor and put into these buildings, which he denied. Plaintiff's clerk, who went to see him on the subject, testified that he understood him in the course of conversation to make the promise stated. Defendant testified that he might have said and probably did say he would do, voluntarily, as well by them as by any others, but expressly and positively refused to be bound as by a promise. These were all the witnesses and this the substance of all the evidence upon the only question of fact that was in dispute. It appeared that defendant did pay others in full, but only upon Stewart's orders, and that upon like orders he paid plaintiff's firm something over $400, and the balance to Stewart before he received notice that anything remained due to them. The question was submitted to the jury upon this evidence, under instructions to which no specific objection is urged, and they found for the defendant. Judgment affirmed. Opinion by PLEASANTS, J. Judge below, CYRUS EPLER. Attorneys, for appellant, Messrs. MORRISON & WHITLOCK; for appellee, Mr. OSCAR A. DE LEUW. Opinion filed Dec. 4, 1885.

No. 49. Jacksonville Nat. Bk. v. Edward C. Lax et al. This was a suit brought by the bank against defendants E. C. and Newark Lax on a note dated April 20, 1848, for $1,500, due in six months, purporting to be signed by the defendants and payable to the bank; afterward an attachment in aid was sued out alleging a fraudulent conveyance by Newark Lax; defendants filed several pleas upon which issue was joined, trial had and verdict rendered, which was set aside and new trial awarded. On Dec. 12, 1884, defendant Newark Lax filed a plea of *non*

*est factum* sworn to, and upon trial a verdict was found for the defendants, and judgment rendered against plaintiff for costs. From all the evidence in relation to the genuineness of the signature of Newark Lax upon the note, the court is of opinion the jury were fully justified in finding his signature thereto a forgery, and it follows as a necessary consequence that the whole case fails, and errors in other branches of the case are immaterial. Judgment affirmed. Opinion by CONGER, J. Judge below, CYRUS EPLER. Attorneys, for appellant, Messrs. MORRISON & WHITLOCK; for appellee, Messrs. BARNES & CALLON. Opinion filed Dec. 4, 1885.

No. 65. Indiana, Bloomington & Western Ry. Co. v. John W. James et al. An action by a shipper against a railroad company for injury to cattle shipped from Olney, Ill., to Green Springs, Ohio, caused as alleged while the cars containing the stock were in the yards at Springfield, Ohio, by a switch engine of appellant which was running at the rate of twenty-five or thirty miles an hour, colliding with the cars and throwing the stock against the cars by which they trampled upon each other and were injured; appellant denied the collision and contended the injury was due to the restlessness of the stock; no question of law is raised, the contest being upon questions of fact. As the evidence was conflicting, it was the peculiar province of the jury to determine the weight and credit to be given to the testimony of the various witnesses, and their verdict for the shipper is undisturbed. Opinion by CONGER, J. Judge below, J. W. LANGLEY. Attorneys, for appellant, Messrs. GERE & BEARDSLEY; for appellee, Mr. J. M. WRIGHT. Opinion filed Dec. 4, 1885.

No. 24. C. Aultman & Co. v. G. A. Van Duyn & Co. A suit to recover the purchase price of certain machinery which it is alleged defendants in error—as the agents of plaintiffs in error—sold to E. DeGoria, and for which they failed to take proper steps to secure the payment from DeGoria whereby the purchase price was wholly lost. The duties of the agents were clearly set forth in a written contract. It was the duty of the jury, under proper instructions to find, first, whether the agents made the sale, and if so, whether they did or did not perform their duty in substan-